## STATE *v.* HAINES.

A married woman is liable under the statute for selling, without license, spirituous liquors of her husband, in his absence, and as his agent.

INDICTMENT for selling one gallon of spirituous liquor, without license, to James Cate, on the 15th of August, 1856.

The evidence went to show that the defendant was the wife of Malachi Haines, and that she sold the liquor in her husband's house, but not in his presence.

The counsel for the defendant moved the court to instruct the jury that the respondent, being a married woman, if the spirits sold by her were the property of her husband, and sold by his authority, she would not be liable ; but that the sale would, in law, be his act, and one for which he alone would be criminally responsible.

The court declined to give the instructions, but instructed the jury that if the defendant was entrusted by her husband with the charge of the business, and she sold the liquor under a general authority for that purpose, but in his absence, and without his particular instructions for this sale, she would be liable.

The jury found the defendant guilty, and the defendant moves to set aside the verdict, on account of the refusal of the court to instruct the jury according to the defendant's motion, and for error in the foregoing instructions.

*George & Foster*, for the defendant.

*Sullivan*, A. G., for the State.

PERLEY, C. J. The ground taken for the defendant is, that, being a married woman, and acting in the sale of the liquor as agent for her husband, she is not liable under the statute, because in such case it would be the sale of the husband, and not a sale by her, within the meaning of the statute, which punishes the sale as a crime. But we think this position cannot be maintained.

Here is no question upon the contract of sale. It is the act of selling that causes the mischief against which the statute is aimed, and which the statute punishes as a crime. The act of the wife, in presence of the husband, the law in certain cases supposes to be done by his coercion, and on that account the wife in such cases is not punished for an act which would otherwise be criminal ; but no question of that kind arises here, and as a general rule the wife is liable for criminal acts, notwithstanding her coverture. There is, therefore, nothing in the fact that the wife

acted as agent for the husband to distinguish her case from any ordinary sale by an agent under general instructions from his principal.

Every sale by an agent, regarded as a contract, is the sale of the principal and not of the agent; but to hold that an agent who sells liquors without license, by general instructions from his principal, is not liable under the statute as the seller, would go far to defeat the object of the law. The criminal act might be committed, and the mischief accomplished by the agent in this State, while the principal resided in another jurisdiction, quite beyond the reach of punishment. The act of selling, we think, constitutes the statutory offence. It is made a crime to sell without license, and whoever actually makes the sale, though acting as agent for another, is guilty of the offence. The principal may also be liable, but this will not excuse the agent.

The case of *Rex* v. *Crofts*, 2 Strange 1120, is an authority for this construction of the statute. That was a prosecution for selling gin contrary to the statute. After conviction it was objected that it appeared the defendant was a married woman, and could not therefore make a contract, and the sale must be regarded as the husband's; but that objection was overruled.

*Judgment on the verdict.*